UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARLOW GREEN                                                CIVIL ACTION

VERSUS

SCOTT DUNCAN ET AL.                             NO.: 17-363-BAJ-EWD

### RULING AND ORDER

Before the Court is the **Motion for Summary Judgment (Doc. 19)** filed by Defendants Captain Scott Duncan, Lieutenant Tyrone Kilbourne, and Lieutenant Gary Aymond. For the reasons that follow, the **Motion (Doc. 19)** is **GRANTED IN PART** and **DENIED IN PART**.

I.   BACKGROUND

This dispute arises from a fight between inmates at the Louisiana State Penitentiary. (Doc. 1). Plaintiff Marlow Green is an inmate at the Louisiana State Penitentiary. (*Id.*). Defendants are prison guards. (*Id.*). Plaintiff sued Defendants for failing to protect him from being attacked by John Duncan, a fellow inmate. (*Id.*). The undisputed facts, viewed in Plaintiff's favor, follow. *See Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).

On the day of the fight, Plaintiff was housed in cell 13. (Doc. 19-3 at ¶ 4). He was alone. (*Id.*). Sometime that afternoon, Captain Duncan, Lieutenant Kilbourne, and Lieutenant Aymond placed inmate Duncan in cell 13. (*Id.* at ¶ 6). Plaintiff and

1

inmate Duncan were not known enemies. (Docs. 19-4, 19-5). But after Defendants placed inmate Duncan in cell 13, Plaintiff and inmate Duncan began to fight. (*Id.*).

Plaintiff sued Defendants for negligence and violations of 42 U.S.C. § 1983. (Doc. 1). Plaintiff alleges that Defendants knew that inmate Duncan intended to hurt him because inmate Duncan told Defendants, as they tried to place inmate Duncan in cell 13, that inmate Duncan intended to kill himself or Plaintiff. (*Id.* at ¶¶ 10, 36).

Now, Defendants move for summary judgment. (Doc. 19). They argue that they enjoy qualified immunity from Plaintiff's § 1983 claims and sovereign immunity from Plaintiff's negligence claims. (Doc. 19-1 at 10). Plaintiff opposes. (Doc. 20).

Plaintiff argues that qualified immunity does not apply because Defendants failed to protect him from inmate Duncan even though they knew that inmate Duncan intended to harm him, thus violating his clearly-established Eighth Amendment rights. (*Id.*). But Plaintiff does not address Defendants' sovereign-immunity argument for dismissal of his negligence claims. (*Id.*). So Plaintiff has abandoned his negligence claims, and the Court dismisses them with prejudice. *See, e.g., Blackwell v. Laque*, 275 F. App'x 363, 366 n.3 (5th Cir. 2008) (per curiam); *O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 416 (E.D. La. 2016).

## II. LEGAL STANDARD

The Court will grant summary judgment if Defendants show that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding if Defendants have made that

showing, the Court views facts and draws reasonable inferences in Plaintiff's favor. *See Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018).

## III. DISCUSSION

Plaintiff's § 1983 failure-to-protect claims derive from the Eighth Amendment to the United States Constitution. *See Longoria v. Texas*, 473 F.3d 586, 592 n.8 (5th Cir. 2006). The Eighth Amendment prohibits "cruel and unusual punishment." U.S. CONST. amend. VIII. That prohibition extends to prison officials like Defendants, who "have a constitutional duty to protect prisoners from violence at the hands of their fellow inmates." *Longoria*, 473 F.3d at 592 (citing *Farmer v. Brennan*, 511 U.S. 825, 823–833 (1994)).

To recover on his failure-to-protect claims, Plaintiff must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm," and (2) Defendants were "deliberately indifferent" to this risk. *See Farmer*, 511 U.S. at 834. The parties focus on the deliberate-indifference prong, so the Court does the same.

Deliberate indifference is "an extremely high standard to meet." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires proof that (1) Defendants were aware of facts from which they could infer a substantial risk of harm to Plaintiff, and (2) that Defendants actually drew the inference. *See Horton v. Cockrell*, 70 F.3d 397, 401 (5th Cir. 1995).

Defendants argue that Plaintiff cannot show deliberate indifference because Defendants did not know that inmate Duncan would try to harm Plaintiff. (Doc. 19-1 at 5). Defendants support the argument with the declaration of Lieutenant Aymond,

3

who attests that he never heard inmate Duncan state that he was "homicidal" or that he intended to harm Plaintiff. (Doc. 19-3 at ¶ 5).

In response, Plaintiff marshals the declarations of three inmates housed near him on the day of the fight. (Docs. 20-3, 20-4, 20-5). One attests that he heard inmate Duncan tell Captain Duncan that "he was not going to get along" with Plaintiff before Captain Duncan placed inmate Duncan in cell 13. (Doc. 20-3 at 2). Another attests that inmate Duncan told Defendants that he was "homicide suicide" and that "something bad" would happen if Defendants placed him in cell 13. (Doc. 20-4 at 1). And another attests that inmate Duncan told Defendants that he would kill himself and Plaintiff if Defendants placed him in cell 13. (Doc. 20-5 at 2).

The declarations create a genuine dispute of material fact on the question whether Defendants acted with deliberate indifference to the risk that Plaintiff would be attacked by inmate Duncan. *See* FED. R. CIV. P. 56(a). Based on the facts set out in the declarations, a reasonable jury could find that (1) Defendants were aware of facts from which they could infer a substantial risk of harm to Plaintiff, and (2) Defendants actually drew that inference. *See Horton*, 70 F.3d at 401.

Qualified immunity does not change the analysis. Plaintiff's Eighth Amendment right to be protected from violence at the hands of fellow inmates was clearly established on November 22, 2016—the day of the fight. *See Morgan v. Hubert*, 335 F. App'x 466, 471 (5th Cir. 2009) (per curiam). And Plaintiff has pointed to facts which, viewed in his favor, create a genuine dispute that Defendants violated that right. So Plaintiff has overcome—for summary judgment purposes—Defendants'

qualified-immunity defense. *See Anderson v. Valdez*, 913 F.3d 472, 476 (5th Cir. 2019).

IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the **Motion for Summary Judgment (Doc. 19)** filed by Defendants Captain Scott Duncan, Lieutenant Tyrone Kilbourne, and Lieutenant Gary Aymond is **GRANTED IN PART** and **DENIED IN PART**. Plaintiff's negligence claims are **DISMISSED** with prejudice. Plaintiff's § 1983 claims remain.

Baton Rouge, Louisiana, this 26th day of February, 2019.

_____
**JUDGE BRIAN A. JACKSON**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**