UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

MARLOW GREEN                                    CIVIL ACTION

VERSUS

CAPT. SCOTT DUNCAN, ET AL.                      NO.: 17-00363-BAJ-RLB

## RULING AND ORDER

Before the Court is Defendants Scott Duncan, Tyrone Kilbourne, and Gary Aymond's **Ex-Parte Motion for Summary Judgment (Doc. 45)**. Also before the Court is Plaintiff's **Motion to Strike (Doc. 46)** and Defendants' **First Motion for Leave to File (Doc. 50)**. For the reasons stated herein, Defendants' **Motion (Doc. 45)** is DENIED. Further, Plaintiff's **Motion to Strike (Doc. 46)** is DENIED AS MOOT, and Defendants' **Motion for Leave (Doc. 50)** is DENIED.

I.  BACKGROUND

Plaintiff is an inmate housed at the Louisiana State Penitentiary, who alleges he was attacked by another inmate, John Duncan. In his Complaint, Plaintiff alleged that inmate Duncan was combative with prison authorities and announced that he was "homicidal and suicidal," that he "did not want to be in a cell with anyone," and would harm himself and any inmate he was placed in a cell with. (Doc. 1, at ¶ 7-9). Plaintiff further alleged that all three Defendants heard these threats. (*Id.*, at ¶ 10).

Defendants then allegedly forced inmate Duncan into Plaintiff's cell, and inmate Duncan immediately began beating Plaintiff once uncuffed. (*Id.*, at pp. 14-19).

On October 18, 2018, Defendants filed a Motion for Summary Judgment (Doc. 19). The Court granted that Motion with respect to Plaintiff's negligence claims against Defendants and denied it with respect to Plaintiff's § 1983 failure-to-protect claims deriving from the Eighth Amendment. *See* (Doc. 30). In his Opposition (Doc. 20), Plaintiff provided declarations from three other inmates (Docs. 20-3, 20-4, & 20-5) stating that inmate Duncan made threats under circumstances that would have been heard by Defendants, prior to being placed in Plaintiff's cell and attacking him.

Now, nearly one year after the Court-ordered deadline for filing motions, Defendants bring a new Motion for Summary Judgment to re-argue their qualified immunity defense to Plaintiff's § 1983 claims in light of a recent Fifth Circuit decision.

## II. LEGAL STANDARD

The Court will grant summary judgment where the movant demonstrates that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). In deciding whether the movant has made that showing, the Court views facts and draws reasonable inferences in the non-movant's favor. *See Vann v. City of Southaven, Miss.*, 884 F.3d 307, 309 (5th Cir. 2018) (Citation omitted).

Pursuant to Federal Rule of Civil Procedure 16(b)(1), a scheduling order must be issued following a scheduling conference. A scheduling order establishing a deadline for filing motions was issued in September of 2017. (Doc. 16). Extending the time to file motions is permitted under Federal Rule of Civil Procedure 6(b)(1), which

2

permits a court to extend time for good cause after the original time or its extension expires where "the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B).

## III. DISCUSSION

At the outset, the Court must address the fact that Defendants have failed to comply with the deadline for filing motions in this case. All motions were ordered to be filed by October 19, 2018, and this Motion was filed almost a year later, on September 27, 2019. (Docs. 16 & 45). It would not be improper to deny this Motion on purely procedural grounds, even considering Defendants' Motion for Leave (Doc. 50), filed four days after the Motion itself. Nevertheless, even if the Court were to grant leave to file this Motion for excusable neglect under Rule 6(b)(1)(B) in light of new law cited by Defendants, Defendants' Motion fails on the merits.

The Court's previous Order rejecting Defendants' qualified immunity defense in Defendants' first Motion to Dismiss (Doc. 19) specifically stated that "qualified immunity does not change the analysis" of Plaintiff's failure-to-protect claims. (Doc. 30, at p. 4). Inmate declarations provided by Plaintiff showed a genuine dispute of material fact on the question of deliberate indifference to the risk that Plaintiff would be attacked by inmate Duncan. The same holds true now.

Defendants' new Motion hinges entirely upon a new Fifth Circuit case, *Jason v. Tanner*, No. 18-30837, 2019 WL 4252240 (5th Cir. Sept. 9, 2019). In *Jason*, an inmate attacked the plaintiff with a sling blade someone had discarded on the yard, which the attacker acquired despite an ID check system that monitored sling blades

3

(*Jason*, at \*1). The crux of *Jason* that Defendants emphasize is the holding that the district court misapplied the test of "substantial risk" that a fellow inmate would attack the plaintiff, acknowledging only *a risk*. (*Id.*, at \*4). The district court further erred by finding that the defendants disregarded that risk by failing to prove that everyone who was supposed to be keeping an eye on inmates was doing so at all times. *Id.* The Fifth Circuit held that there was no evidence defendants shirked their duties, which were merely to keep track of the blades and keep an eye on prisoners while they made rounds. *Id.*

*Jason* adds nothing new to the relevant law. It merely offers a factual scenario that did not meet the standard for deliberate indifference. In *Jason*, the plaintiff was attacked during an argument with another inmate with whom the plaintiff had no previous disputes. (*Id.*, at \*1). Here, Plaintiff also does not allege any history with his attacker, but he has provided declarations from other inmates corroborating his claims that inmate Duncan made vocal threats, including those of a homicidal nature, towards any potential cellmate before he was paired with Plaintiff. Defendants' claim that they "did not hear [] Duncan" does not resolve the dispute of material facts concerning inmate Duncan's threats. Defendants' statement that "[t]he sad truth is this; Duncan would have attacked any inmate he would have been celled with in order to avoid being double celled" does not bolster Defendants' argument that they were not aware of any substantial risk of serious harm. (Doc. 45-1, at p. 9).

4

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that Defendants' **Motion for Summary Judgment (Doc. 45)** is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's **Motion to Strike (Doc. 46)** is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants' **Motion for Leave (Doc. 50)** is **DENIED**.

Baton Rouge, Louisiana, this 21st day of October, 2019.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA