UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARLOW GREEN                                CIVIL ACTION

VERSUS

SCOTT DUNCAN, ET AL.                        NO.: 17-00363-BAJ-RLB

## ORDER

IT IS ORDERED that Plaintiff's **Motion for Leave to File/Supplement Motion for Permission to Proceed on Appeal In Forma Pauperis (Doc. 78)** is **GRANTED**.

Considering the Appellant's supplemented **Motion for Leave to Appeal** *in forma pauperis* **(Doc. 74)**, his certified trust fund account statement or institutional equivalent, and all consents and other documents required by the agency having custody of the Appellant to withdraw funds from his account;

**IT IS FURTHER ORDERED** that the **Motion for Leave to Appeal** *in forma pauperis* **(Doc. 74)**, pursuant to 28 U.S.C. § 1915, is **DENIED** for the following reason:

> Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), due to the finding of the Jury that the plaintiff failed to prove by a preponderance of the evidence that Defendants failed to protect him from harm[1] the Court certifies that the appeal is not taken in good faith. Appellant's sole argument expressed in his Motion (Doc. 74) supporting appeal is that he was granted pauper status originally. Appellant fails to provide any argument presenting a substantial question for review.

---

[1] *See* (Doc. 70).

WHEN PERMISSION TO APPEAL *IN FORMA PAUPERIS* IS DENIED BECAUSE THE COURT CERTIFIES THAT THE APPEAL IS NOT TAKEN IN GOOD FAITH, THE FOLLOWING SECTION SHALL BE COMPLETED.

Although this Court has certified that the appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3), the applicant may challenge this finding pursuant to *Baugh v. Taylor*, 117 F.3d 197 (5th Cir. 1997), by filing a separate motion to proceed *in forma pauperis* on appeal, within thirty (30) days of the date of this *Order*, with the Clerk of Court for the United States Court of Appeals for the Fifth Circuit. The cost to file a motion to proceed *in forma pauperis* on appeal with the Fifth Circuit is as calculated below, and if the Appellant moves to proceed *in forma pauperis* in the Court of Appeals, prison authorities will be directed to collect the fees in accordance with the following calculation:

Appellant **MARLOW GREEN (#487058)** is assessed an initial partial filing fee in the amount of **$0.00**. The agency having custody of the Appellant shall collect this amount from the Appellant's trust fund account or institutional equivalent, when funds are available, and shall forward it to the Clerk of Court for the Middle District of Louisiana.

Thereafter, the Appellant shall pay **$505.00**, the remaining balance of the appellate filing fees, in periodic installments. The Appellant is required to make payments of 20% of the preceding month's income credited to the Appellant's prison account until the Appellant has paid the total filing fees of **$505.00**. The agency having custody of the Appellant shall collect this amount from the Appellant's trust fund account or institutional equivalent, when funds are available and when permitted by 28 U.S.C. § 1915(b)(2), and shall forward such amount to the Clerk of Court for the Middle District of Louisiana.

If the Appellant moves to proceed *in forma pauperis* in the Court of Appeals, the Clerk of Court shall mail or deliver by electronic means a copy of this *Order* to the Plaintiff and to the Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections.

IT IS FURTHER ORDERED that Appellant's **Motion to Prepare Transcript at Government Expense** (Doc. 76) is DENIED.[2]

Baton Rouge, Louisiana, this 23rd day of January, 2020.

_____
JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

---

[2] Appellant has not presented a substantial question for review on appeal. *See* 28 U.S.C. § 753(f).